```
VINCENT J. KILDUFF, S.B. #57494
Law Offices of
Vincent J. Kilduff
181 Devine Street
San Jose, Calif. 95110
(408) 279-4400

Attorney for Creditor, Patrice Anderson
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 10-55627 RLE |
| JAMES M. LIQUORI, dba SIGNATURE PROPERTIES | CHAPTER 7 |
| PATRICE ANDERSON, | Adversary No._____ |
| Plaintiff, | COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT |
| vs. | |
| JAMES M. LIQUORI, dba SIGNATURE PROPERTIES, | [11 U.S.C. §§523(a)(2)(A), 523(a)(2)(B), 523(A)(4), Constructive Fraud; Actual Fraud; Conversion] |
| Defendant. | |

Plaintiff, PATRICE ANDERSON, alleges:

### JURISDICTION

1. This adversary proceeding is one arising out of the debtor's case brought pursuant to Chapter 7 of Title 11 of the United States Code presently pending before this Court.

2. This Complaint commences an adversary proceeding pursuant to Rule

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

7001(6) of the Federal Rules of Bankruptcy Procedure.

3. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 & 1334.

4. The claims for relief in the First through Third Causes of Action of this adversary proceeding are core proceedings under 28 U.S.C. §§157(b)(2)(I) and 157 (b)(2)(J).

5. The claims for relief in the Fourth and Fifth Causes of Action of this adversary proceeding are non-core proceedings over which this court has jurisdiction pursuant to 28 U.S.C. §1334 and 28 U.S.C. §1367.

**PARTIES**

6. PATRICE ANDERSON ("Plaintiff") was at all times mentioned herein a resident of Santa Clara County, California and a Creditor of this bankruptcy estate.

7. JAMES M. LIQUORI, individually and doing business as Signature Properties (hereinafter referred to as "Defendant" or "Debtor"), is, and at all times mentioned herein was a real estate broker duly licensed by the State of California.

8. Plaintiff is informed and believes that Defendant is, and at all times mentioned, was a resident of Santa Clara County, California.

9. The Debtor is an individual debtor seeking discharge of his debt to Plaintiff, for which Plaintiff claims Defendant is liable.

10. The Debtor filed his bankruptcy petition on May 28, 2010.

**FACTUAL BACKGROUND**

11. Plaintiff and Defendant first met in 2002 and, shortly thereafter. Plaintiff retained Defendant to represent her as a real estate

---
**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** Page 2

broker for the purpose of purchasing a home in San Jose, California. After purchasing a duplex home, Defendant readily agreed to assume management of the home, for which Plaintiff paid him a fee as property manager.

12. In mid-2006, Defendant, in his capacity as Plaintiff's Real Estate Broker, assisted Plaintiff in refinancing her home. Defendant proposed that plaintiff invest $60,000 with Defendant, to be used for real estate loans to third parties and Plaintiff, relying on Defendant's representations and assurances that the funds would be used to fund notes, secured by deeds of trust, which were all well-secured and safe investments, Plaintiff paid to Defendant's trust account the sum of $60,000, as evidenced by the cashier's check, a copy of which is attached as Exhibit A.

13. In 2007, Defendant again approached Plaintiff, who was about to once-again refinance her home. This time, Defendant suggested that Plaintiff invest in a home in Sunnyvale, California, again assuring Plaintiff that the loan to be provided the homeowner would be well-secured by a note and deed of trust. Relying thereon, Plaintiff provided Defendant with an additional $45,000, bringing the total provided to Defendant for real estate investment loans to $105,000.

14. Plaintiff is informed and believes that Defendant, at the time he represented to Plaintiff that the funds provided by her were to be invested for her benefit in promissory notes, well-secured by deeds of trust on properties with large equities, Defendant intended to, and did, keep the funds provided for himself and did

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**     Page 3

not apply the funds for the purpose promised. Defendant never disclosed this intent to Plaintiff.

### FIRST CAUSE OF ACTION
**[Money obtained by False Pretenses, Representations, and Fraud]**
**11 U.S.C. §523(a)(2)(A)**

15. Plaintiff incorporates by reference and realleges the allegations set forth in Paragraphs 1-14, inclusive.
16. By his actions set forth herein, Defendant obtained money from Plaintiff and retained that money by false representations, false pretenses and fraud.
17. When Defendant made his false statements and representations to Plaintiff, he knew them to be false.
18. Plaintiff believed the representations of Defendant to be true and was justified in relying on defendant's representations and statements.
19. Had Plaintiff known the true facts and intentions of Defendant, she would not have provided money to Defendant.
20. As a proximate result of Defendants fraud, Plaintiff has suffered actual damages in excess of $105,000, according to proof.
21. The above-mentioned misrepresentations of Defendant were an intentional concealment of material facts intended to deceive plaintiff and deprive her of her property, so as to justify an award of exemplary or punitive damages.
22. The debt to Plaintiff, PATRICE ANDERSON, in the amount of $105,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

///

///

## SECOND CAUSE OF ACTION
### Fraud while Acting as a Fiduciary
### 11 U.S.C. §523(a)(4)

23. Plaintiff incorporates by reference and realleges the allegations set forth in Paragraphs 1-22, inclusive.

24. At all times herein mentioned, a special or fiduciary relationship existed between Plaintiff and Defendant, whereby Defendant had a duty to act with loyalty and honesty in the best interest of Plaintiff.

25. By the aforementioned conduct, Defendant failed to place Plaintiff's interests before his own and breached his fiduciary duty to Plaintiff, causing Plaintiff to suffer special damages in an amount not less than $105,000.

26. The aforementioned conduct and breach of the fiduciary duty owed Plaintiff by Defendant was intentional, warranting an award of exemplary or punitive damages against Defendant.

27. The debt to Plaintiff, PATRICE ANDERSON, in the amount of $105,000, is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

## THIRD CAUSE OF ACTION
### [Embezzlement]
### 11 U.S.C. §523(a)(4)

28. Plaintiff incorporates by reference and realleges the allegations set forth in Paragraphs 1-27, inclusive.

29. In doing the acts alleged herein, Defendant fraudulently appropriated funds entrusted to him by Plaintiff, using said funds for his own purposes instead of investing the funds in well-secured notes as promised to Plaintiff.

30. As a result of Defendant's embezzlement of Plaintiff's funds, Plaintiff has been damaged in an amount in excess of $105,000, according to proof.

31. In performing the above-described acts and making the false representations set forth herein, Defendant acted with oppression and malice, warranting the imposition of exemplary or punitive damages according to proof.

32. The debt to Plaintiff, PATRICE ANDERSON, in the amount of $105,000, is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

## FOURTH CAUSE OF ACTION
### [Actual and Constructive Fraud]

33. Plaintiff incorporates by reference and realleges the allegations set forth in Paragraphs 1-32, inclusive.

34. In performing the acts herein alleged and making the false representations and promises set forth above, Defendant committed actual or constructive fraud against Plaintiff.

35. Plaintiff reasonably and detrimentally relied on Defendant's representations and promises.

36. As a proximate result of Defendant's actions and representations, Plaintiff was damaged in an amount not less than $105,000.

37. In performing the above-described acts and making the false representations set forth herein, Defendant acted with oppression and malice, warranting the imposition of exemplary or punitive damages according to proof.

///

## FIFTH CAUSE OF ACTION
### [Conversion]

38. Plaintiff incorporates by reference and realleges the allegations set forth in Paragraphs 1-37, inclusive.

39. At all times mentioned herein, Plaintiff was and is the owner of $105,000 received by defendant as alleged hereinabove.

40. In 2006 and 2007, Defendant took the above-described personal property funds from Plaintiff and converted the same to his own use.

41. On or about July, 2009, Plaintiff demanded the immediate return of the $105,000 from Defendant, but Defendant failed and refused and continues to fail and refuse to return the property to Plaintiff.

42. As a proximate result of Defendant's actions and representations, Plaintiff was damaged in an amount not less than $105,000.

43. The aforementioned acts of Defendant were willful, wanton, malicious and oppressive, undertaken with the intent to defraud, and justify an award of exemplary or punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1. That the Court determine that the debt owed Plaintiff by Defendant, in an amount according to proof, but not less than $105,000, is fraudulent and nondischargeable;

2. That the Court enter Judgment against Defendant and in favor of Plaintiff, in the amount of $105,000;

3. For an award of attorney's fees;

4. For an award of costs incurred;

5. For an award of exemplary or punitive damages according to

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**      Page 7

1    proof; and

2    6.   For such other and further relief as is just and proper.

4 Dated: August 23, 2010                    _____/s/_____
                                            Vincent J. Kilduff
5                                           Attorney for Plaintiff,
                                            PATRICE ANDERSON

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**    Page 8